Houck, J.
This case is here on appeal from the common pleas court of Morrow county. The defendants Ellsworth E. Cooper and Joannah Cooper are husband and wife and were such at the time of the transactions hereinafter referred to.
*224 The plaintiffs and cross-petitioners aver that on and prior to the 22d day of July, 1916, the defendants, Ellsworth E. Cooper and Harry Cooper, were, indebted to them in the sum of about. $1,400; that on said 22d day of July, 1916, Ellsworth E. Cooper was the owner of 100 acres of land, the same being situated in Congress township,.Morrow county; that on the aforesaid 22d day of July, 1916, Ellsworth E. Cooper, conveyed to his wife, Joannah Cooper, said land, for the purpose and with the intent to hinder, delay and defraud the creditors of thé said Ells-worth É. Cooper, and especially these .plaintiffs and cross-petitioners (save and except the defendant and cross-petitioner, The Buckeye State Building & Loan Conapariy).
"Wé find no answer of the defendants, Ellsworth E. Cooper, Joannah.CoOper arid Harry Cooper, or either of them, on file, and therefore in the trial of the cause the defense of each and all of them was considered as in the nature of a general denial.
The evidence presented is before tis in transcript form, and we have read same with care.
The burderi of proof in this case is upon the plaintiffs. They must establish by the weight of the evidence each and all of the material allegations in their petition. This they have not done. The material and essential questions raised by the petition are:
(a) Was the transfer made without a legal consideration?
' (b) Was the transfer of the property in question made for the purpose and with intent to defraud the creditors of the said Ellsworth E. Cooper?
(c) Did the purchaser, Joannah Cooper, know of the other indebtedness of Ellsworth E. Cooper, or *225 did she have knowledge of any intention on his part to defrand his creditors at the time the deed was executed and delivered to her?
These questions must be answered in the light of the evidence and the la\y applicable to same.
The weight of the evidence is clearly in fayor of the defendant, Joannah Cooper^
The law applicable to the proven facts leads us to but one conclusion, and that is that there is an absolute failure on the part of plaintiffs to. establish the claims made by them, or either of them.
We hold the rule of law in this state is well settled that a conveyance by a debtor to his creditor, in payment of his claim, is not invalidated by the fact that it was made with an intent on the part of the vendor to delay, hinder, or defraud the creditors of the vendor, where such intent was not known to, or in any way participated in, by the vendee.
The evidence offered fails to show any knowledge on the part of Joannah Cooper of any fraudulent intent on the part of her husband at the time he deeded her the farm now in controversy.
It follows that unless the evidence shows that Cooper made this conveyance to his wife with the design, intent and purpose to prefer one or more creditors to the exclusion in whole or in part of others, or that it was a transfer made by Cooper with intent to hinder, delay or defraud his creditors, and that his wife, the transferee, knew these facts at the time same was made, the deed in question must be held good.
We hold that the provisions of Section 11105, General Code, when applied to the conceded facts in the present case are decisive of it in favor of the defendant, Joannah Cooper.
*226 While the transaction complained of is between husband and wife,- yet under our statutory law in Ohio a husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried.
And a deed conveying real estate, made by a husband to his wife, based upon an alleged indebtedness from husband to wife, where there are other creditors than the wife at the time of such transfer, as in the present case, may. excite some suspicion and thus cause a court to carefully scrutinize it, yet from such relationship alone no presumption of fraud can or will be inferred.
A husband may convey property to his wife to pay a debt to her, in preference to his other creditors. And the only restriction on such preference is that it must be made in good faith, in payment of a bona fide indebtedness then, existing between such husband and wife.
And the bad faith on the part of the husband, at the time of such transfer, if any existed, must be unknown to the wife, otherwise it invalidates the conveyance made under such circumstances.
The undisputed evidence in the case now under consideration is that at the time of the execution of the deed from Cooper to his wife he owed her about $4,500; that a mortgage for $3,500 was held by the Buckeye State Building & Loan Company; and that the wife assumed this mortgage. The value of the property conveyed was about that of the indebtedness of Cooper to his wife and the mortgage assumed by her, the same being, as claimed by the wife, the consideration for the one hundred acres of land described in the deed.
*227 However, from the mere fact that property is conveyed to a wife under such state of facts and circumstances as exists in this case,, although the value of the property may he in excess of the claimed consideration paid, where there is .not such, an excess in value as would have a tendency to affect her with notice of any fraudulent intent on the, part of her husband, she cannot, be charged- with such .notice as the daw: requires in such cases."
■ Upon the facts and the law the issues in this case are found in favor of the defendant:Joannah Cooper, and. judgment is here entered in her favor....
The petition of plaintiffs- is.’ dismissed; also the cross-petitions filed herein. The costs are taxed against the plaintiffs'' and cross-petitioners herein, save and except the Buckeye. State Building & Loan Coiiipany.

Judgment and decree accordingly.

Shields.and Patterson, JL,.concur.